## JOHN McCLELLAND, Respondent, v. GEORGE REMSEN, Sheriff of Kings County, Appellant.

*Partnership—Any Partner may secure Creditor.*

Either member of a firm has a right to secure a creditor thereof by a transfer of partnership property, or to give a chattel mortgage for that purpose.

Appeal from Supreme Court. The action was for trespass in seizing goods of the Plaintiff. The Defendant claimed to justify under a judgment and execution in favor of William F. Howe, against William McClelland and Elizabeth Hasluck, alleging the property seized belonged to one or both of the Defendants in the execution.

The cause was tried at the Kings Circuit, before Mr. Justice Lott, and resulted in a verdict for the Plaintiff of $394.55.

It appeared on the trial that, on the 1st of February, 1860, or prior thereto, Elizabeth Hasluck, a married woman, formed a partnership with William McClelland, in the liquor business, in Brooklyn, and that they conducted it in the firm-name of William McClelland & Co. On the 2d of June, 1860, they were indebted to the Plaintiff, John McClelland, in the sum of $357, for liquor and cigars sold and delivered to the firm.

On that day William McClelland, in the name of the firm, executed an instrument transferring to John McClelland the goods and other property of the firm, upon the trust that he should convert the same into cash, and, after satisfying this debt of $357, with interest, and the charges and expenses incident to the assignment, should pay over the balance of the net proceeds to the firm. Attached to the instrument was the bill, the payment of which it was intended to secure. Some weeks afterward, the bill remaining unpaid, the Plaintiff went to the store, demanded and received possession of the goods, and locked them up. Subsequently, an execution was delivered to the Defendant, who seized the property as that of the assignors. The judgment under which it was issued was confessed by Mrs. Hasluck, and she assumed to confess it for McClelland as well as herself.

The judge held that the assignor was not justified, and directed a verdict for the Plaintiff, to which the Defendant excepted.

This decision was sustained at General Term, in the Second Judicial District, and the Defendant appealed to this Court.

*N. F. Waring* for Appellant.

*James Troy* for Respondent.

PORTER, J.—It was the right of either member of the firm to secure the Plaintiff, as one of its creditors, by a transfer of partnership property (Mabbett *v.* White, 2 Kernan, 443; Graser *v.* Stellwagen, 25 N. Y. 315).

The assignment, in this instance, was in the nature of a mortgage. It did not divest the entire title, but left a residuary interest in the assignors, which could be reached by their other creditors. Its primary purpose was to secure the payment of the debt, and the trust to account for the surplus was purely incidental. Such a trust is not within the condemnation of the statute, and such a reservation is not unlawful (Leitch *v.* Hollister, 4 Comstock, 211; Curtis *v.* Leavitt, 15 New York, 141; Dunham *v.* Whitehead, 21 id. 131.)

The judgment of the Supreme Court should be affirmed.

GROVER, J.—No grounds were stated upon which the motion for nonsuit was made. Hence no question arising upon that motion can be entertained in this Court. Nothing was lost by the omission, as the only possible grounds were, that one partner could not dispose of the entire stock of the firm to secure or pay a debt; and that the transfer to the Plaintiff was fraudulent and void on its face.

The first of these questions was decided by this Court against the Defendant in Mabbett *v.* White (2 Kern. 443), and the last in Leitch *v.* Hollister et al. (4 Com. 211).

All the judges concurring.

Judgment affirmed.